| | |
|---|---|
| VORYS, SATER, SEYMOUR AND PEASE LLP<br>Cory D. Catignani (SBN 332551)<br>cdcatignani@vorys.com<br>4675 MacArthur Court, Suite 700<br>Newport Beach, CA 92660<br>Telephone: (949) 526-7900<br>Facsimile: (949) 526-7901<br><br>*Attorney for Defendant*<br>Zale Delaware Inc. | |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson<br><br>               Plaintiff,<br><br>vs.<br><br>Zale Delaware, Inc., a Delaware Corporation<br><br>               Defendant. | Case No. 5:21-cv-08403-SVK<br><br>Magistrate Judge Susan van Keulen<br><br>**DEFENDANT ZALE DELAWARE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing Date:** May 17, 2022<br>**Hearing Time:** 10:00am |

PLEASE TAKE NOTICE THAT on May 17, 2022 at 10:00am, or as soon thereafter as can be heard before the Honorable Susan van Keulen via video conference (pursuant to the Court's November 2021 Civil and Discovery Referral Matter Standing Order) in Courtroom 6 of the United States District Court, Northern District of California, Defendant Zale Delaware, Inc. ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(1), will and hereby does move this court to dismiss the Complaint of Plaintiff Scott Johnson ("Plaintiff") with prejudice because (1) Plaintiff's First Cause of Action for violation of the Americans with Disabilities Act ("ADA") is moot as the sole barrier to access alleged in the Complaint has been remedied, meaning

1  this Court lacks subject matter jurisdiction over this claim; and (2) the Court should
2  decline to exercise supplemental jurisdiction over Plaintiff's Second Cause of Action
3  for violation of California Unruh Civil Rights Act ("Unruh Act").
4       This motion is based upon this Notice of Motion and Motion and Memorandum
5  of Points and Authorities, the accompanying Declaration of Cory Catignani, Report of
6  Paul Bishop, and Declaration of Megan Bibeau, all pleadings and papers on file with
7  this Court, and such evidence and argument as may be presented at or before the
8  hearing on this matter.

10  Dated: March 30, 2022        Respectfully Submitted,
11                                    VORYS, SATER, SEYMOUR AND PEASE, LLP

13                                    By */s/ Cory D. Catignani*
14                                    CORY D. CATIGNANI

15                                    *Attorney for Defendant*
16                                    Zale Delaware Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because the sole barrier to access alleged therein has been remedied. Accordingly, Plaintiff's claim for violation of Title III of the ADA ("ADA Claim") is moot as there is not an active controversy. Without jurisdiction over Plaintiff's ADA Claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's derivative claim for violation of the Unruh Act ("State Law Claim") pursuant to 28 U.S.C. § 1367 and dismiss Plaintiff's Complaint in its entirety.

## II. STATEMENT OF FACTS

Plaintiff filed his Complaint on October 29, 2021, alleging that he visited a Piercing Pagoda kiosk owned by Defendant (the "Kiosk") in August 2021 and encountered a single barrier to access: the absence of an ADA compliant sales or service counter. (ECF No. 1, ¶ 12.)[1] Defendant was served with a copy of the Complaint on November 22, 2021.

On February 4, 2022, Paul Bishop, an ADA Certified Access Specialist inspected the Kiosk. (Declaration of Cory Catignani ("Catignani Decl."), attached as Exhibit 1, ¶ 2.) Mr. Bishop provided a report of his inspection. (*Id*., ¶ 3, Exhibit A.) Mr. Bishop's inspection revealed that a lowered flip-up portion of the Kiosk's counter—designed to comply with the requirements of the ADA—was missing. (*Id*., Exhibit A, p. 8.) Mr. Bishop found—based on the remaining portion of the counter— that the Kiosk's flip-up counter measured 32" above the floor, and, if the missing portion of the flip-up counter were replaced, that the flip-up counter would be 36" wide. (*Id*., Exhibit A, p. 9.) Mr. Bishop also noted that the store provided Wireless

---

[1] This alleged barrier also serves as the sole basis of Plaintiff's second cause of action, making it entirely derivative of the first cause of action. (ECF No. 1, ¶ 30) (stating that "the Unruh Act provides that a violation of the ADA is a violation of the Unruh Act").

POS devices—handheld, cellphone-like devices connected directly to iPads operated by the store's employees and available to complete transactions, regardless of the ability or disability of the customer—which "can be handed to the customer and the customer can tap, insert, or slide their credit card using the device to pay for merchandise." (*Id.*, Exhibit A, p. 7; Declaration of Megan Bibeau ("Bibeau Decl."), attached as Exhibit 2, ¶¶ 4-5.) The Wireless POS devices can be used anywhere in the vicinity of the Kiosk, including at the Kiosk's flip-up counter. Accordingly, Mr. Bishop determined that "if the missing portion of the flip-up counter is replaced, an accessible sales/service counter will be provided that complies with both the ADAS and the CBC." (Catignani Decl., Exhibit A, p. 9.)

Following Mr. Bishop's inspection, Defendant replaced the missing portion of the flip-up counter exactly as he suggested. (Bibeau Decl., ¶ 6.) As of the date of this filing, the Kiosk's flip-up counter is 32" above the floor, 36" wide, and provides toe space below the counter that is 36" wide, and at least 27" high and 19-1/2" deep. (*Id.* at ¶ 7.) Accordingly, the Kiosk's counter is in compliance with the ADAS and CBC and the sole barrier to access alleged in Plaintiff's Complaint has been remedied. (Catignani Decl., Exhibit A, p. 9.)

## III.   LEGAL STANDARD

"The Article III case or controversy requirement limits a federal court's subject matter jurisdiction by requiring . . . that plaintiffs have standing and that claims be 'ripe' for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115 (9th Cir. 2010). Additionally, "an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S. Ct. 721 (2013) (citing *Alvarez v. Smith*, 558 U. S. 87, 92, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009)). To establish standing, "a plaintiff must show [he] has suffered (1) 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.* (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Failure to satisfy Article III standing requirements requires dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Gen. Atomic Co. v. United Nuclear Corp.*, 4 655 F.2d 968-69 (9th Cir. 1981).

Jurisdictional attacks can be factual in nature. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Safe Air for Everyone v. Meyer*, 373 F.3d at 1035, 1039 (9th Cir. 2004). In a factual attack, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction. *Id.* at 1039. Importantly, in such an analysis, the allegations in the complaint are not presumed to be true: "[t]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also White*, 227 F.3d at 1242. Defendant brings such a factual attack on the sole allegation in the Complaint.

Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction where, among other things, a claim is moot. A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, or (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Shayler v. Patel*, No. 2:20-cv-00235-ODW (KSx), 2020 U.S. Dist. LEXIS 136451, at *3-5 (C.D. Cal. July 31, 2020) (citing *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998)). Put another way, when the issues presented are no longer

"live" or the parties lack a legally cognizable interest in the outcome, the case is deemed moot. *Norman-Bloodsaw*, 135 F.3d at 1274. "If a court determines that a case is moot, the court no longer has jurisdiction over the controversy." *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985).

Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 373, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d at 1122; *Shayler*, 2020 U.S. Dist. LEXIS 136451 at *3. Plaintiff cannot do so here.

**IV.  ARGUMENT**

    **A. The Complaint is Moot Because the Only Barrier to Access Alleged therein has Been Remedied.**

Plaintiff's Complaint is moot because Defendant has remedied the only barrier to access alleged therein. As of the date of this filing, Defendant's Kiosk has a fully ADA-compliant sales counter. Accordingly, there is no "live" controversy as required by Article III and the Court should dismiss Plaintiff's Complaint.

Because the only remedy available under the ADA is injunctive relief, a Title III claim becomes moot if a defendant can show that it has remedied the alleged violation. *Sample*, 771 F.2d at 1338 (citing *Oliver v. Ralphs Grocery Co.*, 654 F. 3d 903, 905 (9th Cir. 2011) ("a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim"); *Bryant v. Yosemite Falls Café, Inc.*, No. 1:17-cv-01455-LJO, 2018 U.S. Dist. LEXIS 5458 at *3 (E.D. Cal. Jan. 11, 2018) (citing *Grove v. DeLa Cruz*, 407 F.Supp.2d 1126, 1130-31 (C.D. Cal. 2005) ("[o]nce a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, whereby the court no longer has subject matter jurisdiction over the ADA claims"); *Langer v. Manuele*, No.: 18-CV-00104-BEN-NLS, 2018 U.S. Dist. LEXIS 101722 (S.D. Cal. June 18, 2018) (granting motion to dismiss where ADA access barrier alleged in the complaint was

1 | remedied by defendant).

2 |     In considering such a factual challenge to jurisdiction, courts are not limited to the pleadings, but can instead consider any evidence concerning the existence of jurisdiction. *McCarthy*, 850 F.2d 558, at 560. For example, in dismissing the plaintiff's claims in *Shayler*, the court considered a declaration from the owner of the hotel and a letter from the Certified Access Specialist as extrinsic evidence that the alleged ADA violations had been remedied. *Shayler*, LEXIS 136451 at *3–5. The court dismissed the case after the plaintiff failed to carry his burden to counter that evidence and affirmatively establish jurisdiction. *Id.*; *see also*, *Jinkins v. Irvine Props.*, No. 8:15-CV-00670-ODW-SS, 2016 U.S. Dist. LEXIS 75947, at *1–2 (C.D. Cal. June 8, 2016) (dismissing complaint pursuant to Rule 12(b)(1) where expert declaration supported defendants' contention that plaintiff's ADA claim was mooted by subsequent modifications to the property).

    That is precisely the situation here. Plaintiff's sole claim in this case is that Defendant fails to provide an ADA compliant sales counter. Defendant has remedied that barrier by reinstalling the portion of the Kiosk's flip-up counter. That counter is now 32" above the floor, 36" wide, and provides toe space beneath that is 36" wide, and at least 27" high and 19-1/2" deep in full compliance with the ADA's requirements for sales and service counters. (Catignani Decl., Exhibit A, pp. 6-7, 9; Bibeau Decl., ¶¶ 6-7.) Further, any individual with a disability (including Plaintiff) will be able to transact business at the Kiosk's compliant sales counter using Defendant's Wireless POS devices. (Catignani Decl., Exhibit A, pp. 7; Bibeau Decl., ¶¶ 4-5.)  Because the Kiosk has a sales counter that is fully compliant with the ADA, the sole controversy raised in Plaintiff's Complaint is moot because it is not "live" as required by Article III and the Court should dismiss Plaintiff's Complaint. *See generally Already, LLC,* 568 U.S. 85 (2013); *Patel*, No. 2020 U.S. Dist. LEXIS 136451 (C.D. Cal. July 31, 2020); *Yosemite Falls Café, Inc.*, 2018 U.S. Dist. LEXIS 5458 (E.D. Cal. Jan. 11, 2018).

## B. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claim.

The Supreme Court has explained that justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants…" *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966). Under 28 U.S.C. § 1367(c) a district court has the discretion to decline to exercise supplemental jurisdiction if:

i. the claim raises a novel or complex issue of State law,
ii. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
iii. the district court has dismissed all claims over which it has original jurisdiction, or
iv. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Courts in the Ninth Circuit have generally declined to exercise supplemental jurisdiction to hear remaining state law Unruh Act claims—the type of claim brought by Plaintiff here—because, when all federal law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Johnson v. Kim*, No. 2:14-cv-00196-KJM-CKD, 2016 U.S. Dist. LEXIS 6711 (E.D. Cal. Jan. 19, 2016), at *8; *see* also, *Johnson v. 1082 El Camino Real, L.P.*, No. 5:17-cv-01391-EJD, 2018 U.S. Dist. LEXIS 32985 (N.D. Cal. Feb. 28, 2018) (dismissing plaintiff's ADA claim as moot and declining to exercise supplemental jurisdiction over the remaining Unruh Act claim). Additionally, the incorporation of an alleged ADA violation in a plaintiff's State Law Claim does not provide an independent basis for federal jurisdiction. *Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618-19 (9th Cir. 2011); *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002).

In the present case, Plaintiff bases his State Law Claim solely on a violation of the ADA. As such, if the Court dismisses Plaintiff's ADA claim, it will have

6

MEMORANDUM OF POINTS AND AUTHORITIES

"dismissed all claims over which it ha[d] original jurisdiction," the precise circumstance contemplated by Section 1367(c)(iii). Because the third circumstance identified in Section 1367(c) is present in this case, the Court should consider the *Gibb's* factors—judicial economy, convenience, fairness, and comity—to determine whether to exercise supplemental jurisdiction.

      The central factors at issue in this case are fairness and comity. In this case, it appears like that Plaintiff's choice to file in federal court—as opposed to state court—was motivated by a desire to avoid California's requirements for high-frequency litigants.[2] Accordingly, considerations of comity weigh heavily in favor of declining supplemental jurisdiction. Likewise, any convenience or efficiency from the Court's continued exercise of supplemental jurisdiction over the State Law Claim is outweighed by California's substantial interest in interpreting and enforcing its own rules and would prevent plaintiffs from using California federal courts to evade California's state law requirements to bring hundreds of lawsuits—as Plaintiff has done here—without attracting state scrutiny. *Schutza v. Alessio Leasing, Inc.*, No. 18cv2154-LAB (AGS), 2019 U.S. Dist. LEXIS 60152, at *4 (S.D. Cal. Apr. 5, 2019). The interests of fairness are similarly served, because ensuring that California's requirements are enforced permits California businesses to conduct their business without the looming threat of hundreds of suits. *See generally*, *Strojnik v. Urban Commons Cordova, LLC*, No. CV 19-2078 PA (Ssx), 2019 U.S. Dist. LEXIS 228580

---

[2] These requirements include: (1) a "high-frequency litigant fee," which requires high-frequency litigants to pay a $1000 filing fee to file a complaint, in addition to the standard filing fees; (2) high-frequency litigants must allege certain additional facts, including whether a high-frequency litigant filed the action, the number of construction-related accessibility claims that the high-frequency litigant has filed in the preceding 12 months, the litigant's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant desired to access the defendant's business.

A "high-frequency litigant" is defined as: A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation. Plaintiff Johnson has filed hundreds of complaints alleging ADA construction-related accessibility violations over the past 12 months, and, thus, is a high-frequency litigant as defined by California law.

1 (C.D. Cal. Aug. 20, 2019). Likewise, the Court's decision not to permit Plaintiff's attempt to circumvent the requirements put in place by the California legislature is not unfair to Plaintiff. Rather, it is simply the natural consequences of Plaintiff's decision to file this action in federal court rather than state court.

In sum, when considering the circumstances of this case, the *Gibbs* factors weigh heavily in favor of this Court declining to exercise supplemental jurisdiction over Plaintiff's State Law Claim.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction.

Respectfully Submitted,

VORYS, SATER, SEYMOUR AND PEASE, LLP

By */s/ Cory D. Catignani*
CORY D. CATIGNANI
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record who are deemed to have consented to electronic service.

          */s/ Cory D. Catignani*
          Cory D. Catignani
          Attorney for Defendant

CERTIFICATE OF SERVICE