UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ZALE DELAWARE, INC.,<br><br>        Defendant. | Case No.  21-cv-08403-SVK<br><br>**ORDER GRANTING DEFENDANT ZALE DELAWARE, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

Plaintiff Scott Johnson brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"), alleging that he encountered a barrier to access during three visits in August 2021 to Banter by Piercing Pagoda ("Banter") at 925 Blossom Hill Rd., San Jose, California, which is owned by Defendant Zale Delaware, Inc. ("Zale" or "Defendant").  Dkt. 1 ("Complaint") ¶¶ 2-3, 8-10.  The barrier identified in the Complaint relates to wheelchair accessible sales counters.  *Id*. ¶ 10.

Defendant Zale Delaware, Inc. ("Defendant" or "Zale") moves to dismiss on the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the sole alleged barrier to access has been remedied.  Dkt. 23 at 4.  The Parties have consented to the jurisdiction of a magistrate judge.  Dkts. 8, 15.  Pursuant to Civil Local Rule 7-1(b), the Court deems these matters suitable for determination without oral argument.  Having considered the submissions of the parties and the relevant law, Defendant's motion to dismiss is GRANTED.

**I.      BACKGROUND**

According to the Complaint, Johnson is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments.  Dkt. 1 ¶ 1.  He uses a wheelchair for mobility and has a specially-equipped van.  *Id*. ¶ 1.  Defendant Zale Delaware, Inc. is the alleged owner and operator of Banter in San Jose, California.  *Id*. ¶¶ 2, 10.  Mr. Johnson allegedly visited Banter three times

in August 2021, but he found that Banter did not provide wheelchair accessible sales counters. Dkt. 1 ¶¶ 8, 10. There were no counters 36 inches or less in height. *Id*. Plaintiff says that he intends to return Banter but is currently deterred of doing so because of his knowledge of the alleged barrier. *Id*. ¶ 20.

Plaintiff brings suit under the ADA and Unruh Act and seeks injunctive relief, nominal damages under the ADA, statutory damages under the Unruh Act, and attorneys' fees and costs. Dkt 1.

## II. LEGAL STANDARD

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co*., 598 F.3d 1115, 1122 (9th Cir. 2010). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). The moving party may "convert[ ] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court[.]" *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and may "look beyond the complaint ... without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In addition, once the defendant makes a factual challenge by presenting extrinsic evidence to dispute the allegations in the complaint, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage,* 343 F.3d 1036, at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss. *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). Specifically, where a plaintiff's substantive claims and the court's jurisdiction are both premised on the ADA, the issues of "jurisdiction and substance are intertwined" and the court applies the summary judgment standard. *Johnson v. Techbusiness*

2

1  *Resources, LLC,* No. 20-06048, 2020 WL 7013596, at *2 (N.D. Cal. Nov. 28, 2020).  A motion

2  for summary judgment should be granted if "there is no genuine dispute as to any material fact and

3  the movant is entitled to judgment as a matter of law."  *Id*. (quoting Fed. R. Civ. Proc. 56(a)).

### III. DISCUSSION

#### a. ADA Claim

The ADA only permits a plaintiff to seek injunctive relief and attorney's fees.  *See* 42 U.S.C. § 12188(a)(1); *Johnson v. Case Ventures, LLC*, No. 19-2876, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020).  "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing."  *Case Ventures*, 2020 WL 4747908, at *2.  In that situation, the court no longer has subject matter jurisdiction over the claim. *Id.*  "Of course, '[a] defendant claiming that its voluntary compliance moots a case bears a formidable burden.'"  *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs.*, 528 U.S. 167, 170 (2000)).

When structural modifications have made the allegations moot, courts have held that the allegedly wrongful behavior is not reasonably expected to recur.  *Sepulveda v. Ole's Waffle Shop*, No. 20-CV-00400-DMR, 2022 WL 1137085 at *4 (N.D. Cal. Apr. 18, 2022); *Whitaker v. Gundogdu, Inc.*, No. 21-CV-03132-JSC, 2021 WL 5937659 at *3 (N.D. Cal. Dec. 16, 2021); *Johnson v. Opa Campbell LP*, No. 21-CV-01619-PJH, 2021 WL 3493712 at *3 (N.D. Cal. Aug. 9, 2021); *see also Zaldivar v. City of San Diego*, No. 15CV67-GPC(RBB), 2016 WL 5118534 (S.D. Cal. Sept. 21, 2016) (collecting cases).  Courts have held that altering counters, wrapping pipes, and moving non-permanent merchandise racks are structural modifications.  *See Sepulveda*, 2022 WL 1137085 at *5; *Lieber v. Macy's W., Inc*., 80 F. Supp. 2d 1065, 1068, 1069 (N.D. Cal. 1999).

Defendant argues that Johnson's claims are moot and that this Court lacks subject matter jurisdiction because the sole alleged barrier to access has been removed.  Dkt. 23 at 1.  In support of this factual challenge to subject matter jurisdiction, Defendant submits a report from Paul Bishop, a Certified Access Specialist, who conducted an inspection of Banter on February 3, 2022.  Dkt. 23-1 (Cory Catignani Decl.) ¶ 2, Ex. A.  Bishop found that Banter had a flip-up counter whose width was not ADA-compliant and recommended installing the missing half of the flip-up

3

1  counter to make it compliant. *Id.* at 13; Dkt. 23-1, Ex. A. at 8.

2  Defendant also submits a March 29, 2022 declaration from Megan Bibeau, a district manager of Banter, asserting that Bishop's recommendations were implemented. Dkt. 23-2, Ex. 2. ¶¶ 6-7. The flip-up counter installed now meets the ADA specifications: a minimum length of 30 inches, a maximum height of 36 inches for the counter, a depth of 17 inches and minimum width of 30 inches for toe or knee clearance. Dkt. 23-2 ¶ 7; *see* 42 U.S.C. § 904.4.2; 42 U.S.C. § 306.2.3. In particular, the flip-up counter is 32 inches above the floor, 36 inches wide, and provides toe space below the counter that is 36 inches wide, and at least 27 inches high and 19 ½ inches deep. Dkt. 23-2, Ex. 2 ¶ 7; Dkt. 23-1, Ex. A at 6-7, 9. Defendant has shown evidence that Banter has installed a compliant counter and, therefore, has made a compliant structural modification. Further, the declarations of Bibeau and the report of Bishop also assert that the business uses iPads as points of sale devices and that they can be handed to customers to complete transactions without having to use any sales counter. Dkt. 23-2, Ex. 2 ¶ 4; Dkt. 23-1, Ex. A at 10.

In opposition to the motion to dismiss, Plaintiff does not present evidence to contradict Defendants' evidence that the counter now complies with state and federal law. Nonetheless, Plaintiff argues that the Court should not rely on Defendant's assertions when there has been neither a follow-up inspection by an ADA specialist nor a Joint Site Inspection. Dkt. Ex. 29 at 2-3. But Bibeau, the district manager of Banter, not only swears that she measured the flip-up counter and found it compliant, Dkt. 23-2, Ex. 2 ¶ 7, but also provides photographic evidence. Dkt. 23-2, Ex. A at 5-7; *see Cleveland v. Ung*, No. CV 21-7885-GW-GJSX, 2022 WL 529256 (C.D. Cal. Feb. 11, 2022) (accepting photos as evidence of compliance); *see also Johnson v. Rando*, No. 21-CV-00673-BLF, 2021 WL 2986965 at *4 (N.D. Cal. July 15, 2021) (acknowledging that photos can be evidence of compliance). The measurements in Bibeau's photos comply with Bishop's recommendations of a counter that is 19 ½ inches deep, 27 inches high, and 36 inches wide. For these reasons, the Defendant has provided evidence sufficient to warrant dismissal of Plaintiff's ADA claim.

////

////

4

### b. Unruh Act Claim

Having dismissed Plaintiff's sole federal law claim, the only remaining claim is Plaintiff's Unruh Act claim. As a state law claim, that claim is before the Court only pursuant to the Court's supplemental jurisdiction. *See Arroyo v. Rosas*, 19 F.4th 1202, 1209–10 (9th Cir. 2021); *see also* 28 U.S.C. § 1367(a). Courts in this District have declined to exercise supplemental jurisdiction over Unruh Act claims, regardless of the status of their parallel ADA claim, because "the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring [the plaintiff] to refile his Unruh Act in state court" and because allowing an Unruh Act claim to proceed in federal court "would countenance a wholesale evasion of . . . critical limitations on damages relief" that the California legislature has imposed for Unruh Act claims. *Garcia v. Maciel*, No. 21-3743, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (citing *Arroyo*, 19 F.4th at 1213)).

Because the Court is dismissing the ADA claim and because it would not further the interests of "economy, convenience, fairness and comity," the Court likewise declines to exercise supplemental jurisdiction over the Unruh Act claim in this case. *See Garcia*, 2022 WL 395316, at *5; *see also* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction over a claim if the court has "dismissed all claims over which it has original jurisdiction"). Accordingly, the Court declines to exercise supplemental jurisdiction over the Unruh Act claim and **DISMISSES** that claim.

### IV. CONCLUSION

In light of the foregoing, the motion to dismiss is GRANTED, and the Complaint is DISMISSED.

**SO ORDERED.**

Dated: July 11, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

5